UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

CHARLES MACK TAYLOR,          )
          )
      Plaintiff,         )
          )
      v.          )      No. 1:19-cv-04513-JPH-DLP
          )
SCHWEITZER M.D.,          )
          )
      Defendant.      )

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

After receiving treatment for his diagnosed schizophrenia, Charles Mack Taylor brought constitutional claims against Dr. Schweitzer, his treatment provider, under 42 U.S.C. § 1983.  Dr. Schweitzer has moved for summary judgment on all claims.  For the reasons below, that motion is **GRANTED**. Dkt. [38].

**I.**
**Facts and Background**

Because Dr. Schweitzer has moved for summary judgment under Rule 56(a), the Court views and recites the evidence "in the light most favorable to the nonmoving party and draw[s] all reasonable inferences in that party's favor."  *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009).  Because Mr. Taylor has not challenged any of the facts designated by Dr. Schweitzer, the Court accepts those facts as admitted without controversy.  *See Hinterberger v. City of Indianapolis*, 966 F.3d 523, 527–29 (7th Cir. 2020); S.D. Ind. L. R. 56-1(b), (f).

Mr. Taylor has been diagnosed with paranoid schizophrenia, for which he received monthly injections of Haldol Decanoate ("Haldol") while incarcerated in Indiana state prison.  *See* dkt. 38-3 at 1; dkt. 38-4 at 2; dkt. 38-2 at 6 (Taylor Dep. 19:21–20:8).  The Indiana Department of Corrections Parole Board released Mr. Taylor in June 2019, requiring that, as a condition of parole, he "submit to a mental health evaluation and follow all recommendations."  Dkt. 38-6 at 2 (Special Parole Stipulations); *see* dkt. 38-5 at 1 (Donick Aff. ¶ 2); dkt. 38-2 at 3 (Taylor Dep. 10:5–12); dkt. 38-1 at 1–2.

On August 15, 2019, Mr. Taylor visited Dr. Schweitzer at the Sandra Eskenazi Mental Health Center for Older Adult Services ("OAS").  Dkt. 38-2 at 6 (Taylor Dep. 20:21–21:23); dkt. 38-7 at 1–3.  At that first appointment, Dr. Schweitzer performed an initial assessment of Mr. Taylor as a new patient, reviewed Mr. Taylor's medical records, and decided to continue Haldol treatment based on his own medical judgment.  *Id.* at 1 (Dr. Schweitzer Aff. ¶ 2); dkt. 38-7 at 1–10; *cf.* dkt. 38-2 at 8 (Taylor Dep. 37:7–24).  Dr. Schweitzer prescribed continued Haldol injections to be administered every four weeks, dkt. 38-7 at 3; dkt. 38-8 at 1–2 (Dr. Schweitzer Aff. ¶ 3), and Mr. Taylor received his first of several monthly injections from a nurse at OAS that day. *See* dkt. 38-7 at 8, 11, 14, 21, 23, 35, 43, 45; dkt. 38-2 at 8 (Taylor Dep. 37:15–17).

At a November 7, 2019 appointment, Mr. Taylor requested a lower dose of Haldol.  Dkt. 38-7 at 18.  But after discussing it, Mr. Taylor and Dr.

Schweitzer "agreed to leave [the treatment] the same for now," and Dr.

Schweitzer continued the "medications as . . . written." *Id.*

A day later, Mr. Taylor filed this suit against Dr. Schweitzer under 42

U.S.C. § 1983, alleging deliberate indifference under the Eighth Amendment

and a violation of his right to Due Process under the Fourteenth Amendment.

Dkt. 1 at 2–3. Dr. Schweitzer has moved for summary judgment on all claims.

Dkt. 38.

## II.
## Applicable Law

Summary judgment shall be granted "if the movant shows that there is

no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must

inform the court "of the basis for its motion" and specify evidence

demonstrating "the absence of a genuine issue of material fact." *Celotex Corp.*

*v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this

burden, the nonmoving party must "go beyond the pleadings" and identify

"specific facts showing that there is a genuine issue for trial." *Id.* at 324.

In ruling on a motion for summary judgment, the Court views the

evidence "in the light most favorable to the nonmoving party and draw[s] all

reasonable inferences in that party's favor." *Zerante*, 555 F.3d at 584.

## III.
## Analysis

Dr. Schweitzer contends that he is entitled to summary judgment

because (1) he did not act unreasonably or with deliberate indifference to Mr.

Taylor's health, dkt. 39 at 6–8; and (2) he did not force Mr. Taylor to take any medication in violation of the Due Process Clause, *id.* at 8–10.[1]  Mr. Taylor's response in opposition to summary judgment does not address the substance of these arguments or designate evidence.  *See* dkt. 42.

### A. Deliberate Indifference

To succeed on a deliberate indifference claim under the Eighth Amendment, a plaintiff must show that a medical provider was "deliberate[ly] indifferen[t] to [his] serious medical needs."  *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017).  This involves showing more than negligence; it requires "something akin to recklessness."  *Giles v. Godinez*, 914 F.3d 1040, 1049 (7th Cir. 2019), *cert. denied*, 140 S. Ct. 50 (2019).

 Dr. Schweitzer designated evidence that he performed an initial assessment of Mr. Taylor as a new patient, reviewed Mr. Taylor's medical records, and decided to treat Mr. Taylor with medication for his diagnosed paranoid schizophrenia based on his own medical judgment.  *See* dkt. 38-8 at 1 (Dr. Schweitzer Aff. ¶2); dkt. 38-7 at 1–10; *cf.* dkt. 38-2 at 8 (Taylor Dep. 37:7–24).  Mr. Taylor has not designated any evidence that calls into question Dr. Schweitzer's medical judgment, let alone evidence that Dr. Schweitzer acted with deliberate indifference to Mr. Taylor's serious medical needs.  *See* dkt. 42. Dr. Schweitzer is therefore entitled to summary judgment on this claim.

---

[1] Dr. Schweitzer has not clearly argued that he is not a state actor, *cf.* dkt. 39 at 5–6 n.1, so the Court does not consider that issue.

### B. Involuntary Medication

Individuals "possess[] a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment." *Washington v. Harper*, 494 U.S. 210, 221–22 (1990). Further, "forcible injection of medication into a nonconsenting person's body represents a substantial interference with that person's liberty." *Johnson v. Tinwalla*, 855 F.3d 747, 749 (7th Cir. 2017) (quoting *Washington*, 494 U.S. at 229). But Mr. Taylor has not designated any evidence that the Haldol injections he received were administered against his will. Dkt. 42. Instead, the undisputed designated evidence is that Mr. Taylor voluntarily accepted his medical injections without any forcible administration from Dr. Schweitzer or his staff. *See* dkt. 38-2 at 8, 10 (Taylor Dep. 37:15–17, 76:6-15) (Mr. Taylor responding when asked if anyone physically held him down to inject him, "didn't have to. 'Cause I know what the end results would have been. … why would I make matters worse?"); dkt. 38-7 at 9, 11, 14, 21, 24, 35, 43, 45 (documenting Mr. Taylor's clinic visits over eighteen-month span in which he consistently "accepted injection and tolerated it well"). Thus, Mr. Taylor's claim under the Fourteenth Amendment's Due Process Clause cannot succeed.

*     *     *

Dr. Schweitzer's motion for summary judgment required Mr. Taylor to designate evidence showing a triable issue of fact. *See Sommerfield v. City of Chicago*, 863 F.3d 645, 649 (7th Cir. 2017) (explaining that "[s]ummary judgment is not a time to be coy" as the "parties are required to put their

5

evidentiary cards on the table"); *Celotex Corp.*, 477 U.S. at 324.  Because Mr.

Taylor has not done so and Dr. Schweitzer has shown that he is entitled to

judgment as a matter of law, the Court must grant Dr. Schweitzer's motion for

summary judgment.  *See* Fed. R. Civ. P. 56(a).

**IV.**
**Conclusion**

For the reasons discussed above, Dr. Schweitzer's motion for summary

judgment, dkt. [38] is **GRANTED**.  Final judgment shall issue by separate

entry.

**SO ORDERED.**

Date: 9/24/2021

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CHARLES MACK TAYLOR
1832 N. Goodlet Avenue
Indianapolis, IN 46222

Mary M. Ruth Feldhake
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
mfeldhake@boselaw.com

Mark Wohlford
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
mwohlford@boselaw.com

Philip R. Zimmerly
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
pzimmerly@boselaw.com