UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHARLES MACK TAYLOR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:19-cv-04513-JPH-DLP ) |
| SCHWEITZER M.D., | ) ) |
| Defendant. | ) ) |

**ORDER GRANTING DEFENDANT'S BILL OF COSTS**

On March 31, 2021, the Court granted Defendant's motion for summary judgment, dkt. 50, and entered final judgment in favor of Defendant and against Plaintiff, Charles Taylor, dkt. 51. Defendant has filed a motion for $1,829.45 in costs. Dkt. 52. Mr. Taylor has not responded to this motion. For the reasons below, Defendant's motion is **GRANTED**. Dkt. [52].

## I.
## Applicable Law

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—are to be allowed to the prevailing party." "Under Rule 54(d), district courts enjoy wide discretion in determining and awarding reasonable costs." *Northbrook Excess and Surplus Ins. Co., v. Proctor & Gamble Co.*, 924 F.2d 633, 642 (7th Cir. 1991).

1

## II.
## Discussion

Defendant seeks $1,829.45 to reimburse his cost of taking Mr. Taylor's deposition and costs incurred for obtaining Dr. Christopher D. Bojrab's service as an expert witness. Dkt. 52-1 at 2. Mr. Taylor has not responded to the motion or contested the costs incurred by Defendant in any manner.

Rule 54(d) "provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006). Within that discretion, district courts may decline to award costs against an indigent party. *Id.* at 634–35. However, indigence is a "narrow" exception rather than "a blanket excuse"—costs may still be awarded to "serve[ ] the valuable purposes of discouraging unmeritorious claims." *Id.* at 635–36. Furthermore, "the burden is on the non-prevailing party to overcome this presumption." *Id.* at 636.

Mr. Taylor failed to contest, or respond in any way, to Defendant's motion for costs. As such, he has failed to overcome the strong "*presumption that the prevailing party will recover costs.*" *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988) ("[U]nless and until the losing party affirmatively shows that the prevailing party is not entitled to costs, the district court must award them, 'as of course.'"). Defendant is entitled to $1,829.45 in costs.

## III.
## Conclusion

Defendant's motion for $1,829.45 in costs is **GRANTED**. Dkt. [52].

**SO ORDERED.**

Date: 10/27/2021

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CHARLES MACK TAYLOR
1832 N. Goodlet Avenue
Indianapolis, IN 46222

Mary M. Ruth Feldhake
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
mfeldhake@boselaw.com

Mark Wohlford
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
mwohlford@boselaw.com

Philip R. Zimmerly
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
pzimmerly@boselaw.com